SARAH A. B. SNOW & others *vs.* BOSTON BLANK BOOK
MANUFACTURING COMPANY & others.

Middlesex.    February 7, 1891. — April 1, 1891.

Present: FIELD, C. J., C. ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Laches — Equity Practice — Waiver of Demurrer — Report on Appeal.*

The waiver or withdrawal of a demurrer in equity assigning laches as one ground
thereof does not waive that defence.

A bill in equity was dismissed by the Superior Court for laches, and on the same
day the plaintiff took an appeal, and requested the judge who heard the case to
report "the facts found by him in said cause," whereupon a report was made
stating only with respect to laches that the judge found as a fact on the evi-
dence that the plaintiff was guilty thereof.    The plaintiff thereupon on the
same day filed a bill of exceptions, which was allowed, setting forth that he
excepted to the treatment of laches as a question of fact, and to the failure to
find and report the subsidiary facts upon which the finding of laches was based.
*Held*, on the exceptions, that, while a formal request by the plaintiff for a re-
port of such subsidiary facts would have been the better practice, he was still
entitled to have them reported in order to make his appeal effective.

BILL IN EQUITY, filed in the Superior Court on October 9,
1889, for an account, and for other relief.    The defendants de-
murred, on the ground, among others, of laches.    On February 25,
1890, the defendants waived their demurrer, and filed separate an-
swers, which agreed in setting up laches as a defence.    The case
was heard on August 13, 1890, by *Mason*, J., who dismissed the
bill, and the plaintiffs on that day appealed to this court, and
requested the judge " to report the evidence and the facts found
by him in said cause."    On the same day the judge made a re-
port, which, so far as it related to laches, was as follows: " The
court did not rule, as matter of law, upon the pleadings that there
was laches on the part of any of the plaintiffs, but found as a
fact upon the evidence that there was such laches as to all the
plaintiffs."    The plaintiffs thereupon on the same day filed, and
the judge allowed, a bill of exceptions, which concluded as fol-
lows: " At the hearing, the several plaintiffs asked the court to
rule as to the several transactions, that the defence of laches
was waived by the waiver of the demurrer, and was not open to
the defendants.    At the close of the evidence of both parties, the

defendants requested the court to rule ' that the plaintiffs have been guilty of laches in bringing their action, so that they are not entitled to maintain this bill.' The court reserved its decision of the above questions, and in deciding the case ruled that the defence of laches to the several transactions was open to the defendants, and declined to rule as requested by the defendants, but found as a fact that there was such laches as to all the plaintiffs. To these rulings and findings, and the refusal to rule, the several plaintiffs except. The plaintiffs made no request before the decision for specific rulings or findings upon the question of laches other than as herein stated. All the facts found are reported. To the treatment of the question of laches as a question of fact, and the failure to find and report the subsidiary facts upon which the finding of laches is based, the plaintiffs except."

*A. F. Means*, for the plaintiffs.

*C. A. Drew*, for the defendants.

C. ALLEN, J.   There is no doubt under our practice that, if a bill in equity discloses laches on its face, the defence may be taken by demurrer. But if the facts upon which this defence rests do not sufficiently appear on the face of the bill, then they may be set up in the answer. It has, indeed, been said elsewhere, that laches is a defence that the court will take notice of, even though not pleaded at all. *Sullivan* v. *Portland & Kennebec Railroad*, 94 U. S. 806, 811. In our practice, if a bill is demurred to on the ground of laches, and the demurrer is overruled, the defence may still be made in the answer, provided there are any new facts to support it. And the waiver or withdrawal of a demurrer which assigns laches as one' ground is no waiver of the defence of laches, but it merely amounts to saying that the defendant will present his defence of laches upon all the facts of the case, instead of presenting it simply upon the facts set forth in the bill.

The case was heard before a single justice of the Superior Court, who ordered that the plaintiffs' bill be dismissed. The plaintiffs thereupon, on the same day, entered an appeal from the decree, and requested the presiding justice to report the facts found by him in the cause. Pursuant to this request, a report was made, stating in respect to laches that the court found as a

fact upon the evidence that there was laches as to all the plaintiffs. The plaintiffs thereupon, upon the same day, filed a bill of exceptions, which was allowed by the justice, setting forth that the plaintiffs excepted to the treatment of the question of laches as a question of fact, and to the failure to find and report the subsidiary facts upon which the finding of laches was based. There had been, apparently, no previous request to make a detailed report of these subsidiary facts, and it is possible that it was considered premature to make such request before the announcement of the decision upon the general question of laches; and the presiding justice may not have understood the request, as made, to call for such a detailed report. The St. of 1883, c. 223, § 7, provides that, " in cases of appeal from a decree in equity of the Superior Court, the justice by whom the decree was made shall, at the request of the appellant, report the facts found by him as far as material, provided that such request be made within four days after the appellant has been notified of the entry of the decree."

The tendering of the bill of exceptions on the same day of the entry of the decree goes to show that the plaintiffs then wished to have a report made of the subsidiary facts upon which the finding of laches was based; and though they did not make a formal request to that effect, which really would have been the more proper method for them to pursue, yet we think they should not lose their rights on this account, and that the tender of their bill of exceptions, coupled with their previous request for a report of the facts, sufficiently presents the question whether on an appeal the plaintiffs were entitled to have these facts reported, so that there may be a revision of the finding of the general fact of laches.

We think the plaintiffs had this right. The finding of laches is not the finding of a simple fact, but it is an inference from other facts, which may include many different elements. The defendants themselves, upon their brief, describe it as a mixed question of law and fact. There is no fixed rule as to what shall constitute laches, but it depends on the particular circumstances of each case. *Morse* v. *Hill*, 136 Mass. 60, 65. *Twin-Lick Oil Co.* v. *Marbury*, 91 U. S. 587, 591. *Erlanger* v. *New Sombrero Phosphate Co.* 3 App. Cas. 1218, 1259, 1279. A party aggrieved

by a final decree made by a single justice of this court, or of the Superior Court, has a right of appeal.   Pub Sts. c. 151, § 13. St. 1883, c. 223, § 2.   In order that this right may be effectual, in cases where the evidence is not reported in full, it is necessary that in some form there shall be a report of the facts.

The statute above cited, conferring equity jurisdiction upon the Superior Court, has enacted for that court the same rule of practice in such cases which has prevailed in this court.   St. 1883, c. 223, § 7.   *Wright* v. *Wright,* 13 Allen, 207.   *Slack* v. *Slack,* 123 Mass. 443.   *McFeely* v. *Scott,* 128 Mass. 16.   *Harris* v. *Mackintosh,* 133 Mass. 228, 231.   Where a bill is dismissed on the ground of laches, the plaintiff can get no benefit from his appeal if the facts are not stated upon which the finding of laches rests.   The question is whether the delay has been unreasonable under all the circumstances of the case.   Those circumstances may, on the one hand, tend to excuse delay, or, on the other hand, go to show that prompt action was imperative. In order that the plaintiffs may have an effectual right of appeal, and thus be able to have a reconsideration and revision of the case, we think those circumstances should be stated in the report when the appealing party seasonably asks to have this done.

The exceptions, therefore, must be sustained, and the case sent back, not for a new trial, but in order that there may be inserted in the report a statement of the facts and circumstances upon which the finding of laches rested.

*Exceptions sustained.*