WILFRED BOLSTER & others, trustees, *vs.* ATTORNEY
GENERAL & others.

Suffolk.   November 8, 1939. — June 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Probate Court,* Appeal, Intervener.   *Cy Pres.*   *Words,* "Person aggrieved."

A charitable corporation, permitted by a Probate Court to intervene as
a respondent to a petition by the trustee under a will for instructions
and to urge that a trust fund, impossible of administration in the
exact way the testator directed, be distributed to it by an application
of the *cy pres* doctrine, where it appeared that it had no legally recog-
nized private interest in the distribution of the fund, was not, within
G. L. (Ter. Ed.) c. 215, § 9, a "person aggrieved" by an adverse
decree and was not entitled to appeal therefrom.
The mere fact that one has been permitted to intervene as a respondent
in a proceeding in a Probate Court does not constitute him a "person
aggrieved" entitled to appeal from an adverse decree under G. L.
(Ter. Ed.) c. 215, § 9.

PETITION, filed in the Probate Court for the county of
Suffolk on May 24, 1938.

The case was heard by *Prest,* J.

*H. S. Davis,* for Simmons College.

*R. Clapp,* Assistant Attorney General, for the Attorney
General.

*G. T. Bolster,* for the petitioners, submitted a brief on
the appeal from the allowance of their motion to dismiss
the appeal of Simmons College.

LUMMUS, J.   The trustees under the will of Henry O.
Peabody petitioned for instructions as to their duty with
respect to a fund of about $750,000 in their hands, being
the residue of the estate, which was given by the will "to
found and endow an Institution to be called the 'Henry O.
Peabody School for Girls,' for the purpose of furnishing
instruction to girls by teaching the various branches of
art, science and industry best calculated to enable the
scholars to acquire an independent livelihood."   The will

provided that the school be located upon a farm owned by the testator, if owned by him at his death. But in 1910, after his death, the farm was sold by the trustees under a decree of the Probate Court, and thereby the execution of the trust in the manner intended by the testator was made impossible. Some of the heirs and next of kin of the testator appeared, and sought to have the fund distributed as intestate property. The Attorney General appeared and answered, in opposition to any such distribution.

Upon its petition, Simmons College, a corporation established by St. 1899, c. 395, was permitted to intervene as a respondent, and to file an answer setting forth that the purposes for which it was organized more closely resemble the purposes of the trust under the will of Henry O. Peabody than do the purposes of any other existing institution, and praying that in the application of the *cy pres* doctrine the fund be applied to furnish additional instruction in Simmons College.

The decree, entered on December 20, 1938, did apply the *cy pres* doctrine by instructing the trustees in substance to pay the income of the fund annually to the town of Norwood, provided the town shall construct and equip a new school building to be known as the Henry O. Peabody School for Girls and shall maintain it for the purpose of providing instruction which shall conform to the purposes declared in the will.

On January 9, 1939, Simmons College claimed an appeal. On January 10, 1939, it requested from the judge of probate a report of material facts under G. L. (Ter. Ed.) c. 215, § 11. See also c. 214, § 23. On March 23, 1939, the judge refused the request on the ground that Simmons College is not a party in interest. On March 27, 1939, Simmons College claimed an appeal from such refusal. On April 14, 1939, on motion of the petitioning trustees, both appeals were dismissed "for want of interest in the appellant." From that dismissal Simmons College on April 14, 1939, appealed to this court.

In equity in this court or the Superior Court a refusal of a judge to perform his statutory duty by reporting the

material facts upon request under G. L. (Ter. Ed.) c. 214, § 23, is not appealable, for such refusal is neither an interlocutory nor a final decree. *Carilli* v. *Hersey,* 303 Mass. 82, 87. There is a remedy by exceptions. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456. G. L. (Ter. Ed.) c. 231, §§ 113, 144. The appellant contends that the statute as to appeals from probate courts (G. L. [Ter. Ed.] c. 215, § 9) is broader than the statute as to appeals in equity, because it extends to any "order, decree or denial of a probate court," and consequently extends to the denial of a request to report the facts. This, it is urged, ought to be so, since there is no such thing as a bill of exceptions in a Probate Court. *Mackintosh, petitioner,* 246 Mass. 482. *Spilios* v. *Papps,* 288 Mass. 23, 28. *Jenkins* v. *Jenkins,* 304 Mass. 248, 249. We assume in favor of the appellant that the refusal of a probate judge to report the material facts is appealable.

The broader question is, Had Simmons College any standing to appeal from any "order, decree or denial" of the Probate Court in this proceeding? The statute gives a right of appeal only to "a person aggrieved" by the "order, decree or denial." G. L. (Ter. Ed.) c. 215, § 9. Simmons College was under no duty or responsibility as to the disposition of the fund. See *Monroe* v. *Cooper,* 235 Mass. 33, 34; *Doane* v. *Bigelow,* 293 Mass. 406, 409; *Weston* v. *Fuller,* 297 Mass. 545. As an institution that hoped to be the beneficiary or active agency of the application of the *cy pres* doctrine, Simmons College had no legally recognized private interest in the disposition of the fund. It had no interest different in kind from that of the public generally, which is represented exclusively by the Attorney General. Consequently it could not, legally speaking, be aggrieved by any disposition of the fund that may have been made, and has no right of appeal. *Burbank* v. *Burbank,* 152 Mass. 254. *Krauthoff* v. *Attorney General,* 240 Mass. 88, 92. *Dillaway* v. *Burton,* 256 Mass. 568, 573, 574. *Judkins* v. *Hyannis Public Library Association,* 302 Mass. 425. *Averill* v. *Lewis,* 106 Conn. 582, 589–593. See also *Attorney General* v. *Bedard,* 218 Mass. 378, 385; *Trustees*

*of Andover Seminary* v. *Visitors,* 253 Mass. 256, 301, 302; *Coe* v. *Washington Mills,* 149 Mass. 543, 547.

The appellant contends that since it became a party to the proceeding by leave of court it is necessarily aggrieved by a decree unfavorable to its contentions. The statute gives a right of appeal, not to a party, but to "a person aggrieved." It is hard to see how a person or corporation obviously lacking any legally recognized interest in the litigation can acquire such an interest merely by being admitted as a party, or why a mistake in admitting such a person or corporation as a party requires other parties and the court to submit to interference by such person or corporation in all subsequent proceedings. See *Chicago* v. *Chicago Rapid Transit Co.* 284 U. S. 577.

In some of the cases cited by the present appellant in support of its contention that a party always may appeal from a decree adverse to his contentions, without any inquiry into his actual interest, the appellant had been brought in as a party by the appellee and was not obviously lacking in real interest. In those cases · the court declined to enter into a preliminary inquiry as to his interest. *Ricketson* v. *Torres,* 23 Cal. 636, 649–650. *Carroll* v. *Fowler,* 33 S. D. 303, 311. *Renner* v. *Ross,* 111 Ind. 269. In *State* v. *Cranney,* 30 Wash. 594, the appellant was a public officer against whom a writ of mandamus was obtained in the court below. In *Sevenoaks Urban District Council* v. *Twynam,* [1929] 2 K. B. 440, the appellant was a taxpayer who had filed an objection, authorized by statute, against a taking of land for public purposes. In *Jennings* v. *Kelly,* [1940] A. C. 206, Kelly applied for a liquor license. The statute permitted "any resident" to present evidence to the recorder, who was the licensing authority. Jennings, a resident, opposed the application on the ground that the statutory requirements as to population were not proved. The recorder refused Kelly's application. On appeal the Court of Appeal ultimately granted a writ of certiorari quashing the refusal and ordering Jennings to pay costs. Jennings appealed to the House of Lords. Naturally it was held that, whatever

his original standing as a party, he was aggrieved by a decision ordering him to pay costs.    In *Securities & Exchange Commission* v. *United States Realty & Improvement Co.* 310 U. S. 434, 460, the commission was held to have a standing to intervene and to appeal in a corporate bankruptcy case, because it "has a sufficient interest in the maintenance of its statutory authority and the performance of its public duties to entitle it through intervention to prevent reorganizations, which should rightly be subjected to its scrutiny, from proceeding without it."    None of these cases support the broad proposition for which the present appellant contends.

Although it would be permissible to affirm the decree dismissing the appeals, we take the simple course (*Weston* v. *Fuller*, 297 Mass. 545; *Donnelly* v. *Montague*, 305 Mass. 14, 19) of entering the order

<div align="right">

*Appeals dismissed.*