KATHERINE M. COLBY, administratrix, *vs.* MARIE A. CALLAHAN.

Suffolk.    May 11, 1942. — June 23, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Probate Court,* Findings by judge, Report of material facts.  *Joint Tenants.*
*Personal Property,* Ownership.

On a report of material facts by a judge of probate under G. L. (Ter. Ed.) c. 215, § 11, without a report of the evidence, decisive conclusions of fact stated to have been made "on all the evidence" must stand if not inconsistent with the subsidiary findings recited.

Conclusions, that a savings bank account stood in the joint names of a woman and her daughter only to protect the money from the woman's estranged husband and that the money was actually the property of the woman at her death and always had been considered so by her and her daughter, required a decree that the daughter, who had withdrawn money from the account upon her mother's death, pay it over to the administrator of her mother's estate.

PETITION, filed in the Probate Court for the county of Suffolk on January 2, 1941.

The case was heard by *Wilson,* J. It appeared that the respondent, after her mother's death, withdrew all the money in the two bank accounts described in the opinion. The decree ordered the respondent to pay the petitioner that sum, plus certain accrued interest, less the amount of a funeral bill paid.

*D. T. Cope,* for the respondent.

*H. Lawlor,* (*M. F. Hourihan* with him,) for the petitioner.

QUA, J. This is a petition by the administratrix of the estate of Julia G. Colby to recover for the benefit of the estate money withdrawn by the respondent after Mrs. Colby's death from two savings bank accounts, each of which stood in the names of the deceased and the respondent, "payable to either or the survivor." The Probate Court entered a decree in favor of the petitioner restoring the amount of the balance in the two accounts to the estate of the deceased.

The judge, following a request by the respondent under G. L. (Ter. Ed.) c. 215, § 11, filed a report of material facts wherein he stated, "On all the evidence I find that each of the two savings bank accounts were actually the property of Julia G. Colby at the time of her death and had always been so considered and treated by both Julia G. Colby and the respondent Marie A. Callahan, and the arrangement whereby they were carried as joint accounts of Julia G. Colby and her daughter, Marie, was solely because of a frequently expressed feeling on the part of Julia G. Colby that the money was thereby protected from possible claim or attachment by Julia's estranged husband." The evidence is not reported.

If these findings were right, plainly they required the entry of the decree for the petitioner. This is not a case where findings essential to support the decree are not contained in the statement of material facts filed under the statute, as in *Topor* v. *Topor,* 287 Mass. 473, 476. The necessary findings are present. The respondent's real complaint is that they are couched in general terms and are not rested solely upon the preceding subsidiary findings but are rested "on the evidence" as a whole. If the respondent felt aggrieved by the form of the judge's statement of material facts she could have requested the judge to amplify it or she could have had the evidence reported. *Sidlow* v. *Gosselin,* 310 Mass. 395, 398.

It was legally possible that the joint accounts should be

the sole property of the deceased in spite of the form of the accounts. *Battles* v. *Millbury Savings Bank*, 250 Mass. 180. *Castle* v. *Wightman*, 303 Mass. 74, 77, and cases cited. We have no basis for saying that the finding that they were so was wrong. We do not know how convincing the evidence was. In a case presented to us as this is we can interfere with the judge's ultimate findings only if his subsidiary findings are actually inconsistent with his ultimate findings, so that in law they cannot stand together. *Wyness* v. *Crowley*, 292 Mass. 459, 460, 461. *Atwood* v. *Atwood*, 297 Mass. 229, 231, 232. *Marcus* v. *Richardson*, 299 Mass. 11, 13. *Maguire* v. *Bliss*, 304 Mass. 12, 13. *Wiley* v. *Fuller*, 310 Mass. 597, 599, and cases cited.

The subsidiary findings are not inconsistent with the ultimate findings. In general they are that the money in the joint accounts had been earned by the deceased; that the deceased had made all the deposits and withdrawals, "at least up to May of 1938"; that the deceased always kept the books in her room; that she spoke of the joint accounts, both orally and in a letter, as her own; that she said she did not want the respondent to have the money, since "the Callahans both worked, had no children, and were well off," but that she wanted the money to stay in the family of her son George; that she said her money was in the respondent's name in order to protect it from the husband of the deceased; and that after the death of Mrs. Colby the respondent at first claimed that the deceased never had the money, but later asserted that the money was her (the respondent's) money, and that she was going to keep it. These findings had some tendency to show that it was not intended that the respondent should take a beneficial interest in the joint accounts. *Bradford* v. *Eastman*, 229 Mass. 499. *Moreau* v. *Moreau*, 250 Mass. 110. *Lukey* v. *Parks*, 279 Mass. 244. *Greeley* v. *O'Connor*, 294 Mass. 527.

*Decree affirmed.*