CHARLES G. FIELDS & another *vs.* THOMAS PARASKIS & another.

Plymouth. November 9, 1945. — November 29, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Equity Pleading and Practice,* Report of material facts. *Execution. Equity Jurisdiction,* Return of execution.

An exception to a refusal by a judge who heard a suit in equity to adopt and report a "report of material facts" prepared by an appellant in place of a voluntary "finding of material facts" previously filed by the judge was groundless.

A final decree in a suit in equity by a judgment debtor against the judgment creditor and one who had taken an assignment of an execution issued on the judgment knowing that the judgment had been fully satisfied, directing a return of the execution satisfied and ordering the judgment creditor to pay to the plaintiff an amount which before judgment had been paid to that defendant and should have been credited to the plaintiff, was affirmed, and an appeal therefrom was adjudged frivolous.

BILL IN EQUITY, filed in the Superior Court on October 30, 1944, against Thomas Paraskis and, by amendment, Fotis Othon.

The suit was heard by *Sullivan,* J.

*W. G. Cogan,* for the defendants.

*L. H. Miller, (D. Silverstein* with him,) for the plaintiffs, were not called on.

LUMMUS, J.   The defendants in this bill in equity, after an adverse final decree entered on April 25, 1945, from which they appealed, and a "finding of material facts" containing nearly seven hundred words which was filed on the same day and apparently was voluntary (*Birnbaum* v. *Pamoukis*, 301 Mass. 559; *Jose* v. *Lyman*, 316 Mass. 271, 277; *Turner* v. *Morson*, 316 Mass. 678; *Jerome* v. *Eastern Finance Corp.* 317 Mass. 364, 365), for the only request for a report of material facts under G. L. (Ter. Ed.) c. 214, § 23, was one filed before the entry of the final decree instead of "within four days after . . . [a party entitled to appeal] has been notified of the entry of the decree," made a motion on May 4, 1945, that the judge make another "report of material facts" prepared by the defendants which added more than two thousand words to the "finding of material facts" already filed.   To the refusal of the judge to adopt and report the "report of material facts" prepared by the defendants, they claimed an exception, which they present to us upon a bill of exceptions.

It is true that when a judge refuses, after timely request under G. L. (Ter. Ed.) c. 214, § 23, to "report the material facts found by him," his refusal to perform his statutory duty may sometimes be such an error of law (*Porter* v. *Porter*, 236 Mass. 422, 425; *Bartley* v. *Phillips*, 317 Mass. 35, 43) as to give ground for an exception under G. L. (Ter. Ed.) c. 231, §§ 113, 144.   *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456.   *Bolster* v. *Attorney General*, 306 Mass. 387, 388, 389.   But the material facts that a judge in an equity case may be required to report are facts that the judge acting in good faith thinks material to the decree entered by him and that form the basis for it, and not facts material merely to the case in some aspect of it.   This is fully explained in our decisions.   *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214, 215.   *Birnbaum* v. *Pamoukis*, 301 Mass. 559.   *Sidlow* v. *Gosselin*, 310 Mass. 395, 397. *Wiley* v. *Fuller*, 310 Mass. 597, 599.   *Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133, 135.   *Turner* v. *Morson*, 316 Mass. 678, 680, 681.   *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

The right of an appellant to require a report of material facts is not a right to catechize the judge, or to require him to deal specifically with alleged facts selected by the appellant. The appellant must accept the report that the judge makes, and argue his appeal upon that report together with the rest of the technical record, which does not include the evidence unless the appellant has taken the precaution of seasonably requiring, and thereby making part of the record, a report of the evidence under G. L. (Ter. Ed.) c. 214, § 24, or c. 215, § 12. *Merrill* v. *Everett,* 293 Mass. 327. *Boston* v. *Dolan,* 298 Mass. 346, 349. *Sidlow* v. *Gosselin,* 310 Mass. 395, 398. *Davis* v. *Newburyport Five Cents Savings Bank,* 311 Mass. 377, 381, 382. *Matter of Loeb,* 315 Mass. 191, 196, note. *Counelis* v. *Counelis,* 315 Mass. 694, 696. The exception taken by the defendants is founded upon a misunderstanding of our settled equity practice.

On its merits the case is simple. The defendant Paraskis obtained judgment and execution against the plaintiffs for about $5,000 in an action upon a note. The plaintiffs paid $506.30, besides expenses, to redeem their real estate from a sale on execution which reduced to that extent the amount due on the execution. *Fields* v. *Othon,* 313 Mass. 115. But instead of crediting the amount paid in reduction of his claim, Paraskis brought suit for his whole judgment against one Poleway, who had become surety for the plaintiffs upon a bond to dissolve an attachment in the action in which the judgment was obtained, and recovered judgment against Poleway for the full amount, approximately $5,000. The plaintiffs then paid that judgment in full. Although Paraskis was thus overpaid to the extent of $506.30, he did not surrender his execution against the plaintiffs or return it satisfied, but obtained an alias execution which he transferred to the defendant Othon, who knew all the facts but refused to surrender the alias execution or to return it satisfied.

Obviously the facts stated in the bill and those found by the judge supported his final decree ordering the return of the execution satisfied and the repayment of the $506.30,

with interest and costs. The extensive litigation of which the defendants complain was caused by their own unconscionable attempt to compel the plaintiffs to pay twice. The exception and appeal are frivolous. G. L. (Ter. Ed.) c. 211, § 10.

*Exceptions overruled.*

*Interlocutory decree overruling demurrer affirmed.*

*Final decree affirmed with double costs and interest at the rate of twelve per cent a year.*