JOHN J. SULLIVAN *vs.* CORNELIUS T. SULLIVAN, executor.

Middlesex.   May 14, 1946. — July 3, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Probate Court*, Report of material facts, Appeal.   *Equity Pleading and Practice*, Report of material facts, Appeal.

Alleged error of a judge of probate in failing to include, in a report of material facts made under G. L. (Ter. Ed.) c. 215, § 11, and filed after appeals were taken from his denial of a motion for postponement of a hearing on the merits and from a final decree following such hearing, such agreed or undisputed material facts as appeared through statements of counsel on which he heard the motion, could not be brought to this court merely by such appeals.

Statement by QUA, J., of the equity procedure in the Supreme Judicial Court, the Superior Court, and the Probate Courts, necessary to attack there and in this court the sufficiency of a report of material facts made under G. L. (Ter. Ed.) c. 214, § 23, as now appearing in St. 1945, c. 394, § 1, or under G. L. (Ter. Ed.) c. 215, § 11.

PETITION, filed in the Probate Court for the county of Middlesex on June 8, 1945.

The case was heard by *Monahan*, J.

*S. Susser*, for the petitioner.

*G. I. Kellaher*, for the respondent.

QUA, J.   This petition prays for the revocation of a decree alleged to have been entered on June 9, 1944, allowing the will of Delia Sullivan, and for the revocation of another alleged decree dismissing the present petitioner's appeal from the decree first mentioned and confirming that decree.   The case is here on appeals from the denial of a motion by the petitioner for the postponement of the hearing on the present petition and from a final decree dismissing the petition.   The evidence is not reported.

In response to a request for a report of material facts under G. L. (Ter. Ed.) c. 215, § 11, the judge reported in substance that when this petition was reached for trial the petitioner presented his motion for postponement; that the judge heard it "upon statements of counsel";

that no evidence was offered; that after the denial of the motion for postponement counsel for the petitioner offered no evidence at the hearing on the merits of the petition and stated that he did not wish to offer any or to proceed with the hearing; and that, none of the allegations of the petition having been proved, the judge entered the decree dismissing the petition.

Obviously these findings disclose no facts which made it error for the judge to deny the petitioner's motion for postponement of the hearing on the merits.  Obviously, too, there was no error in dismissing the petition when the petitioner declined to offer any evidence at that hearing.

But the petitioner contends that the judge should have reported the facts which were elicited through the "statements of counsel" at the hearing on the motion.  It is true that a judge should include in his report of material facts under the statute such agreed or undisputed material facts, if any, as appear through statements of counsel.  *Dwyer* v. *Dwyer*, 239 Mass. 188, 190.  *Kelley* v. *Peters*, 299 Mass. 166, 168.  *Harvey* v. *Waitt*, 312 Mass. 333, 340–341.  *Hanchett* v. *Hill*, 316 Mass. 673, 674.  It is settled, however, that a party cannot upon the appeal that brings the case here attack the sufficiency of a statement of material facts filed by the trial judge either in the Probate Court under G. L. (Ter. Ed.) c. 215, § 11, or in this court or the Superior Court under c. 214, § 23, as now appearing in St. 1945, c. 394, § 1.  *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215.  *Merrill* v. *Everett*, 293 Mass. 327.  *Restighini* v. *Hanagan*, 302 Mass. 151, 155.  *Carilli* v. *Hersey*, 303 Mass. 82, 87.  *Bolster* v. *Attorney General*, 306 Mass. 387, 389.  *Sidlow* v. *Gosselin*, 310 Mass. 395, 398.  *Colby* v. *Callahan*, 311 Mass. 727.  *Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133, 135, 136.  A party who is dissatisfied with such a statement may ask the judge to amend or amplify it.  *Donnell* v. *Goss*, 267 Mass. 444, 446.  *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214.  *Sidlow* v. *Gosselin*, 310 Mass. 395, 398.  For a failure of a justice of this court or of a judge of the Superior Court to perform his duty under the statute the aggrieved party may have

his remedy by bill of exceptions. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456. *Montgomery* v. *Richards*, 275 Mass. 553, 554. *Bolster* v. *Attorney General*, 306 Mass. 387, 389. *Fields* v. *Paraskis*, 318 Mass. 726, 727. In the Probate Court, where there are no bills of exceptions, [1] and where the statute relative to appeals may be somewhat broader (G. L. [Ter. Ed.] c. 214, §§ 19, 26; c. 215, § 9), it has been suggested that there may be a remedy by separate appeal. *Bolster* v. *Attorney General*, 306 Mass. 387, 389. But in none of the courts can a party wait until the case is before the full court on appeal from the final decree and there for the first time attack the trial judge's statement of material facts.

*Decrees affirmed.*

─────────────

[1] See St. 1945, c. 469, § 1; St. 1946, c. 88; St. 1946, c. 610.