Enes Esta Ferioli Vergnani *vs.* John Vergnani.

Hampden.   September 17, 1947. — November 4, 1947.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Williams, JJ.

*Probate Court*, Report of material facts, Appeal. *Equity Pleading and Practice*, Report of material facts, Appeal. *Marriage and Divorce*, Separate maintenance.

Statement by Qua, C.J., as to the nature, purpose and scope of reports of material facts under G. L. (Ter. Ed.) c. 215, § 11, as amended, in cases in Probate Courts and under c. 214, § 23, as amended, in suits in equity in the Supreme Judicial Court and the Superior Court.

Upon appeal from a final decree in a case in a Probate Court or in a suit in equity in the Supreme Judicial Court or the Superior Court, a report of material facts under G. L. (Ter. Ed.) c. 215, § 11, as amended, or c. 214, § 23, as amended, is not open to attack on the ground that it does not comply with the requirements of the statute, nor is error in the decree shown merely by such noncompliance.

Upon a meager and wholly inadequate report of material facts made by a judge of probate under G. L. (Ter. Ed.) c. 215, § 11, as amended, without a report of the evidence, following a decree dismissing a petition for separate maintenance by a wife under c. 209, § 32, as amended, nothing appeared to support the petition and this court affirmed the decree.

Petition, filed in the Probate Court for the county of Hampden on February 18, 1947.

The case was heard by *Denison*, J.

In this court the case was submitted on briefs.

*A. T. Garvey* & *J. J. O'Connor,* for the petitioner.

*P. E. Granfield,* for the respondent.

Qua, C.J.   The petitioner appeals from a decree of the Probate Court dismissing her petition against her husband for separate maintenance brought under G. L. (Ter. Ed.) c. 209, § 32, as amended by St. 1938, c. 136.

The petition alleges the three grounds set forth in the statute of failure to support, desertion, and that the wife was living apart from the husband for justifiable cause. The evidence is not reported. The judge, in response to a request by the petitioner, made a report of material facts in

these words, "Having done so several times before, on October 2, 1946, the . . . [petitioner] left her husband, taking with her many articles of furniture. He remained in the home for a time and then moved a trailer which he had bought to the yard of a place where he was employed and settled down. He helped incorporate the Independent Fence and Iron Works, Inc. for whom he now works, holding an interest in the corporation and drawing $50 a week as pay. The . . . [petitioner] at one time threw a knife at the . . . [respondent] and cut his forehead."

The petitioner complains, and it would seem with cause, of the inadequacy of these findings. The purpose of requiring a trial judge upon seasonable request to "report the material facts found by him," whether under G. L. (Ter. Ed.) c. 215, § 11, as now appearing in St. 1947, c. 365, § 3, applicable to appeals from Probate Courts, or under G. L. (Ter. Ed.) c. 214, § 23, as now appearing in St. 1947, c. 365, § 2, applicable to appeals in equity cases from the Supreme Judicial Court or the Superior Court, is to provide a means by which a party, without incurring the expense of having all the evidence reported, can obtain a statement of the findings of the trial judge upon which his decision rested, in order to test on appeal the correctness in law of that decision. Such meager findings as are here reported obviously do not accomplish this purpose and seem better adapted to conceal errors of law than to reveal them. The circumstances in which the petitioner left her husband are not disclosed. There is nothing by which this court can test the question whether a finding that she was not living apart from him for justifiable cause was warranted. There are no findings by which we can determine whether there was error on the issue of nonsupport. The time and circumstances of the knife throwing incident and its relation to the issues in the case are not shown. For aught that appears this may have occurred years ago, and the act of the wife, even if it constituted an unjustified assault, may have been long since forgiven. It is hardly conceivable that the evidence would not have admitted of findings more complete and more helpful than these. It is true that the appealing

party cannot dictate to the judge the nature and extent of the facts to be reported. *Merrill* v. *Everett*, 293 Mass. 327. He cannot catechise the judge as to specific facts. *Boston* v. *Dolan*, 298 Mass. 346, 349. He cannot require the judge to report facts which the judge in good faith does not consider material to the decree entered by him. *Fields* v. *Paraskis*, 318 Mass. 726, 727, and cases cited. The facts to be reported must therefore depend largely upon the judge's view of what facts are decisive, and the degree of particularity with which he should report subsidiary facts must depend largely upon the nature of the case and of the questions of law involved. The party aggrieved can always protect himself by seasonably requiring the evidence itself to be reported. Nevertheless, the judge who is requested to make a report of material facts is charged with a serious judicial responsibility. He should avoid a merely perfunctory discharge of that responsibility and should sincerely endeavor to make the statutes effective by exposing clearly to this court the foundation of fact upon which he relied in entering his decree. His duty is somewhat analogous to that of a master.

The question of the remedy of an appellant for an inadequate statement is another matter. The judge's statement of material facts in response to a request under one of these statutes comes after the entry of the decree. Although a proper statement may disclose error in the decree, mere insufficiency of the statement is not error that entered into the decree. The statement itself is not a decree, either interlocutory or final, and there can be no appeal from it as from a decree. *Carilli* v. *Hersey*, 303 Mass. 82, 87. In suits in equity in the Supreme Judicial Court and in the Superior Court there may be a remedy by bill of exceptions for a refusal to comply with a statutory request for a report of material facts. *Bolster* v. *Attorney General*, 306 Mass. 387, 388–389. *Fields* v. *Paraskis*, 318 Mass. 726, 727. And it would seem that the same remedy might be available where a report is made that on its face is obviously inadequate. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456. It has been suggested that in Probate Courts, where there are

no bills of exceptions, but where the remedy by appeal under G. L. (Ter. Ed.) c. 215, § 9, now unamended,[1] seems to be more inclusive than that in the Supreme Judicial Court or in the Superior Court under G. L. (Ter. Ed.) c. 214, § 19 or § 26, in that an appeal under c. 215, § 9, can be taken from an "order" or a "denial," as well as from a "decree," there may be a remedy by appeal from a "denial" of a proper request for a report of material facts. *Bolster* v. *Attorney General,* 306 Mass. 387, 389. Whether such an appeal will lie from a Probate Court, and whether it will also lie from a report which is practically a "denial" because inadequate on its face, or from the denial of a request to amplify such a report, need not now be decided, since the cases are clear to the effect that, whatever remedy a party may have, he cannot attack the report of material facts upon the appeal from the decree. The cases are collected in the recent decision of *Sullivan* v. *Sullivan,* 320 Mass. 114, and need not be cited again here.

It follows that this case must be decided solely upon the facts reported, together with any inferences which this court may properly draw from those facts. *Sidlow* v. *Gosselin,* 310 Mass. 395. *Mooney* v. *Mooney,* 317 Mass. 433, 434. *Briggs* v. *Briggs,* 319 Mass. 149, 150. It is plain that the facts reported do not sustain any of the allegations of the petition, and that no inferences can be drawn from those facts that will aid in sustaining any of those allegations.

*Decree affirmed.*

---

[1] See Sts. 1945, c. 469, §§ 1, 2; 1946, c. 88, c. 610, § 1; 1947, cc. 97, 360.