Mark N. Skerrett *vs.* Mary Hartnett & others.

Suffolk.    November 4, 1947. — March 3, 1948.

Present: Qua, C.J., Dolan, Wilkins, Spalding, & Williams, JJ.

*Probate Court*, Report of material facts, Findings by judge, Appeal, Exhibit.

A report by a judge of probate under G. L. (Ter. Ed.) c. 215, § 11, should not include a recital of evidence, but should set forth only such facts as he considered material and as formed the basis of his decision.

An appellant from a decree of a Probate Court who has sought no relief in that court from alleged noncompliance of a report of material facts with G. L. (Ter. Ed.)· c. 215, § 11, has no standing in this court to attack the report on that ground.

Allowance by a judge of probate of a motion by an appellant that certain exhibits be considered by this court on appeal, was of no effect where all the evidence was not reported.

Subsidiary facts reported by a judge of probate under G. L. (Ter. Ed.) c. 215, § 11, where the testimony was not reported under c. 215, § 12; c. 214, § 24, must be accepted as true, and inferences and conclusions by the judge from such subsidiary facts must stand unless inconsistent therewith.

Petition, filed in the Probate Court for the county of Suffolk on January 20, 1943, for proof of the will of James J. Gavin, late of Boston.

The case was heard by *Wilson*, J.

*C. E. Tupper*, (*L. O'Connell* with him,) for Mary J. Gavin.

*J. S. Derham*, (*F. B. Burns* with him,) for John H. Gavin and another.

DOLAN, J. This is an appeal from a decree disallowing a petition for the probate of an instrument purporting to be the last will and testament of James J. Gavin, late of Boston, hereinafter referred to as the deceased. The appellant Mary J. Gavin is the widow of Joseph F. Gavin, a son of the deceased, who died before the instrument in question was executed. See G. L. (Ter. Ed.) c. 215, § 9; *Pierce* v. *Gould,* 143 Mass. 234, 235. She is the principal beneficiary named in the instrument. It does not appear that Mr. Skerrett, the petitioner for probate and the executor named in said instrument, appealed from the decree entered by the judge.

The evidence is not reported, but the judge at the request of the "petitioner" made a report of the material facts found by him (G. L. [Ter. Ed.] c. 215, § 11). The record discloses that the sole heirs at law of the deceased are the respondents Mary Hartnett of Burlingame, California, his daughter, and John H. Gavin of Leicester, Massachusetts, his son. They are the contestants.

The principal contentions of the appellant are that the judge did not set out in his report the testimony of the family physician of the deceased as to the strength of his mind and concerning the faithful service that had been rendered to the deceased by her; that none of the testimony of disinterested witnesses is stated in the report; that the evidence adduced from witnesses who were best qualified to judge as to the state of mind of the deceased, the family physician and those who knew the deceased best, is necessary to get a fair picture of the situation but is not reported; and that "no evidence shows affirmatively any undue influence or any fraud on the part of . . . [the appellant], either from facts found or evidence set out." Doubtless these contentions for the most part are based upon statements by the judge in his report that unfortunately no stenographer was requested or appointed to report the evidence and that "in fairness to the parties . . . [he] strongly believe[d] a somewhat detailed and chronological report of the evidence is desirable in addition to a more orthodox report of bare findings of fact, — in order that the . . . nature of the

testimony may be fully available to the court despite the absence of a complete transcript of the evidence by a . . . [stenographer]," and the further statement of the judge that "all statements made are findings of fact except isolated instances where conflicting testimony is reported verbatim."

The testimony of certain witnesses and other evidence were improperly woven into the report of the judge and must be disregarded, as well as the objections of the appellant that certain important evidence was not set out in the report and that there was no evidence to show any undue influence or fraud on the part of the appellant. It is settled that there is no place for recitals of evidence in a report of material facts made by a judge; that properly the judge does not make a report of the evidence but recites certain facts which he considered as material and which in his opinion formed the basis of his decision; that where the evidence is not reported, as here, the report is regarded as a report of all the material facts upon which the decision of the judge is founded; that facts found must be accepted as true; and that in no case can a party wait until it comes before the full court upon appeal under general equity practice from the final decree and then for the first time attack the sufficiency of the judge's statement of material facts, except upon the ground that the facts found by the judge do not support his decision. *Sidlow* v. *Gosselin,* 310 Mass. 395, 397–398, and cases cited. *Sullivan* v. *Sullivan* 320 Mass. 114, 115–116, and cases cited. *Vergnani* v. *Vergnani,* 321 Mass. 699, 700–702. The matter of the remedy of an appellant in the court below in case of an inadequate report of facts has been frequently considered by the court and more recently in *Fields* v. *Paraskis,* 318 Mass. 726, 728, and in the cases just cited. It is unnecessary to repeat what is said in those cases. In the instant case the appellant sought no relief in the court below on the ground of inadequacy of the report, and cannot for the first time attack it on that ground here.

The allowance by the judge of the appellant's motion that certain of the exhibits admitted in evidence at the hearing may be considered by us is of no effect. They

afford but a partial glimpse of what went on at the hearing before the judge and in the absence of all the evidence cannot be considered here. *Thayer* v. *Thayer*, 277 Mass. 256, 258–259, and cases cited. *Leventhal* v. *Jennings*, 311 Mass. 622, 624.

In concluding his findings of fact in the present case the judge found that the conduct and actions of the petitioner and the appellant (in their relations with the deceased) were a "tangled and confused web of subterfuge and deceit," and that the appellant alone or with the petitioner exercised undue influence on the deceased in the making of his alleged will. The judge entered a decree disallowing the instrument as having been procured by the fraud or undue influence of the appellant, "at least in part," exercised upon the deceased.

The ultimate findings of the judge which we have stated just above were of themselves findings of fact to be weighed with the subsidiary facts found by the judge, and not to be rejected unless they were so inconsistent with the subsidiary findings of the judge that they cannot stand. "In a case presented to us as this is we can interfere with the judge's ultimate findings only if his subsidiary findings are actually inconsistent with his ultimate findings, so that in law they cannot stand together." *Colby* v. *Callahan*, 311 Mass. 727, 729, and cases cited.

A recital of the detailed findings of fact made by the judge in the present case would serve no useful purpose. The parties are familiar with them. We have examined them and find no inconsistency between the subsidiary findings of the judge and his ultimate findings which would justify a conclusion that the subsidiary findings are actually inconsistent with his ultimate findings. The decree entered by the judge is supported by the facts found by him with the reasonable inferences therefrom. See *Vergnani.* v. *Vergnani*, 321 Mass. 703.

*Decree affirmed.*