ISAAC G. ELOVITZ & another *vs.* PHILIP SMITH. November 2, 1948. Decree affirmed. By this bill in equity the plaintiffs seek to have cancelled a promissory note in the sum of $600 executed by the plaintiff Isaac G. Elovitz and payable to the defendant, and a mortgage of personal property given by the plaintiff Lucille C. Elovitz, the wife of Isaac, to secure the payment of the note. After hearing the judge entered separate final decrees dismissing the bill as to each plaintiff. The plaintiff Isaac appealed. The evidence is reported and at the request of the plaintiffs the judge made a report of material facts found by him, adopting as such the facts set out in a statement entitled "finding and order for decree." The facts therein found are these: "The plaintiff Isaac G. Elovitz borrowed several thousand dollars from the defendant over a period of four or five years, some of which had been paid,

but no tangible evidence has been given to me to warrant a finding that this note and mortgage has been paid and should be cancelled." It does not appear that the plaintiffs made any request for further findings of fact. See *Skerrett v. Hartnett*, 322 Mass. 452, 454–455. We have examined the evidence in accordance with our duty under the familiar rule. *Lowell Bar Association v. Loeb*, 315 Mass. 176, 178, and cases cited. The finding of the judge that the plaintiff Isaac, hereinafter referred to as the plaintiff, borrowed from the defendant several thousands of dollars is supported by the evidence which also discloses that, subsequent to the execution of the note and mortgage in question, sums aggregating $2,200 were paid by the plaintiff to the defendant. Receipts given by the defendant to the plaintiff for these payments were put in evidence by the plaintiff, but there is nothing in them to identify the particular loans on account of or in satisfaction of which the payments were made. The plaintiff testified that certain of these payments had been made in satisfaction of the note in question. The defendant testified that none of the payments made by the plaintiff was made on account of the note, and that the note had not been paid. We interpret the statement of the judge, that no tangible evidence had been presented to warrant a finding that the note and mortgage had been paid and should be cancelled, to mean that he found that the plaintiffs had not sustained the burden of proof resting upon them. On the evidence this finding cannot be said to be plainly wrong.

*F. H. Reinstein,* (*S. A. Murphy* with him,) for the plaintiff Isaac G. Elovitz.
*A. J. Zimmerman,* for the defendant.