JOHN FOSTER *vs.* ANNIE L. FOSTER.

Dukes County.   October 16, 1916. — November 27, 1916.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Marriage and Divorce,* Desertion.  ·

The separation of husband and wife by mutual consent and their living apart for three consecutive years next prior to the filing of a libel for divorce does not constitute desertion.

Where, at the trial of a libel for divorce filed by a husband, the libellant shows that when he returned to the house which he and his wife owned together the door was locked and the key, which by agreement between them should have hung in the woodshed, was not there, that he made no effort to find his wife at that time, that afterwards he and his wife and a cousin of the wife went to the house together, that his wife went into the house and forbade him to enter and he remained outside, that she came out bringing some of his clothes and gave them to him saying, "Now get out of my sight; I never want to see you again; I will never live with you again," whereupon the husband and wife parted and never thereafter lived together and neither of them ever asked the other to live with him or her, it is not wrong as matter of law for the judge to find that a case of desertion is not made out and to refuse to rule that the libellant is entitled to a divorce.

LIBEL FOR DIVORCE, filed on August 10, 1915.

The case was heard by *Lawton,* J., who made the statement of the evidence which is quoted in the opinion. The judge refused to rule at the request of the libellant that on the statement of the evidence made by the judge the libellant was entitled to a decree of divorce. The judge ordered that the libel be dismissed; and the libellant alleged exceptions.

The case was submitted on briefs.

*B. T. Hillman & H. E. Cottle,* for the libellant.

*D. B. Pattison,* for the libellee.

DE COURCY, J.  The libellant assented to the statement of the evidence which was made by the trial judge and was as follows: "I understand that the evidence of desertion is substantially as follows: that in May, June or July of 1909, after the libellant had been away to get a yacht and had brought his yacht around to this town, Edgartown, he went to his home, the house which was owned jointly by him and his wife; that the house was locked and

the key, which by agreement between them should have been hung in the woodshed, was not there; that he went and spent that night, the first night, upon the yacht; that afterwards he made several visits to the house, either on that day or the following days; that each time he found the door locked and the key not hanging in its customary place; that there came a time within a few days of his first visit to the house, after his return with the yacht, when he and his wife and a cousin of his wife named Manuel Silva went to the house together; that before going in, when she got to the house, she forbade his going in with her and he remained outside. She went into the house and came out bringing some of his clothes which she gave to him, saying, 'Now get out of my sight; I never want to see you again; I will never live with you again.' Immediately following the words quoted, the wife went toward her sister's house and the man toward the water-front, and they have never since lived together, and neither party has since asked the other to live with him or her." The judge then said, "Upon the foregoing facts, I am not satisfied that the libellee deserted the libellant, and therefore, shall dismiss the libel."

The only question before us is whether the judge erred in refusing to rule, as requested, that the libellant was entitled to a decree of divorce. The burden was on the libellant to satisfy the judge that the libellee voluntarily and without justification left him with the intention of not returning; that her refusal to cohabit with him continued for three consecutive years next prior to the filing of the libel; and that he did not consent to the original separation or to its continuance. Separation by mutual consent does not constitute desertion. R. L. c. 152, § 1. *Lea* v. *Lea,* 8 Allen, 418. *Ford* v. *Ford,* 143 Mass. 577. *Bradley* v. *Bradley,* 160 Mass. 258. The judge found that the allegation of desertion was not in fact proved. Even assuming that he credited the testimony of the libellant, he well may have inferred from his conduct that the separation was not against the will of the husband but was with his consent. There were facts indicating such consent; among others, his lack of effort to find his wife when he found the house closed; his visit with her to the house, apparently to get his clothes; his acquiescence in her excited declaration that she would not live with him; and his failure for three years afterwards to ask his wife to come back or to make any attempt to effect a reconciliation.

We cannot say as matter of law that the judge was wrong in find-ing that a case of desertion was not made out. Having so found, he could not give the ruling requested.

*Exceptions overruled.*