Mary Najjar *vs.* Mickle J. Najjar.

Suffolk. May 21, 1917. — June 26, 1917.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Carroll, JJ.

*Marriage and Divorce*, Desertion. *Evidence*, Presumptions and burden of proof.

If, at the hearing upon a libel by a woman for a divorce on the ground of desertion, it appears that the libellee deserted the libellant five and one half years before the filing of the libel and had continued the desertion to the date of the hearing, but that, about two years and ten months after the desertion and about two years and eight months before the filing of the libel, the libellant had filed a libel for divorce alleging as grounds cruel and abusive treatment and that, being of sufficient ability, the libellee had grossly or wantonly and cruelly refused and neglected to support her, the act of filing such former libel raises a conclusive presumption of fact that the continuance of the desertion thereafter was with and not without the consent of the wife; so that the second libel cannot be maintained.

LIBEL FOR DIVORCE on the ground of desertion, filed in the Superior Court on July 22, 1916.

The libel was uncontested and was heard by *Fox*, J. The material evidence and facts found by the judge are described in the opinion. The judge reported the case for determination by this court.

The case was submitted on a brief by the libellant.

*H. J. Shaw*, for the libellant.

No counsel appeared for the libellee.

PIERCE, J. November 13, 1913, the libellant filed a libel for divorce which alleged as ground for divorce cruel and abusive treatment and that the libellee, being of sufficient ability, grossly or wantonly and cruelly refused and neglected to provide a suitable maintenance for the libellant. On this libel no service was ever made on the libellee and no action was taken after the filing of the libel other than the issuance of an order of notice.

On July 22, 1916, the libellant filed a libel on the ground of desertion. There was personal service and the case when tried was uncontested. The evidence disclosed a desertion by the libellee on January 15, 1911, which has continued up to the date of the trial, October 26, 1916.

The only question presented is whether an overt act of filing a libel on the ground of cruel and abusive treatment and of gross, wanton and cruel refusal and neglect to provide suitable maintenance raises a conclusive presumption of fact that the continuance of the desertion after the filing of the libel is with and not without the consent of the party deserted. We think such an act does show necessarily a legal intention not to live with the libellee. *Ford* v. *Ford,* 143 Mass. 577.

The entry must be, libel dismissed.

*Decree accordingly.*