### ALICE M. PURDY *vs.* ARTHUR M. PURDY.

Suffolk.    March 16, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Marriage and Divorce. Evidence,* Presumptions and burden of proof. *Exceptions.*

At the trial of a libel by a wife for a divorce on the ground of desertion continued for three consecutive years, the libellant testified, among other things, that on the date of the alleged desertion " the libellee got cross about nothing at all; they had an argument; and he got out.   He never offered to come back to her nor invited her to come back to him.   He has always known where she lived and he could have had opportunity enough if he had wanted to support her, if he wished to." In response to a letter from the libellee written eight days after the alleged desertion, accusing her of being unfair to him and of lying to him and demanding that she account for her whereabouts on a holiday just past, the libellant immediately replied by a letter stating among other things that the libellee had said many terrible things to her which she would never forgive, that it probably would be better that they live apart " so you go your way and I will go mine, and I shall never trouble you and you need never trouble me. . . . I am decided in this matter as I have thought it over and I feel that things will never be any different between us, and I know it."   About fourteen months later she again wrote him: " I am perfectly satisfied as things are now."   *Held,* that

  (1) The letters of the libellant to the libellee did not as a matter of law prove that the separation was with the libellant's consent;

  (2) A finding for the libellant and an ordering of a decree *nisi* were warranted.

LIBEL, filed on May 5, 1919, for divorce on the ground of desertion alleged to have taken place on April 20, 1913.

The libel was heard by *Bell,* J.   The libellant testified that the married life was not happy, that on or about the date of the alleged desertion " the libellee got cross about nothing at all; they had an argument; and he got out.   He never offered to come back to her or invited her to come back to him.   He has always known where she lived and he could have had opportunity enough if he had wanted to support her, if he wished to."   Among other evidence was a letter of the libellee to the libellant dated April 28, 1913, in which he accused her of unfairness to him and of lying to

him as to her whereabouts on the then recent holiday. The letter closed, " Now I demand an answer to this of where you was who your companions were and how you spent those two days before you ever see my face again be careful what you say as it will be hard to convince me now is the time for you to stop and think if you have no more love and affection than what you have had in the past *dont* you answer this letter. I will receive no Tel orders from you as it would be needless for you to phone. My business address is No. 450 Main St. Watertown Mass."

To this letter the libellant replied on May 1, 1913, by a letter reading as follows:

" Arthur — This matter between you and I might just as well be called to a finish now, as later as you have said so many terrible things to me I could never forget them and shall never forgive, and probably it will be better for both of us to live apart, as it will be nothing but fight all the time and I am tired of it so you go your way and I will go mine, and I shall never trouble you and you need never trouble me. I will mail you the receipts of the money paid Fellows and Dr. Tucker bill, and I will drop a line to Fellows that you are going to send him the money instead of me so he can send receipts to you, not unless you attend to it your self. Now I don't want you to cry baby as I am decided in this matter as I have thought it over and I feel that things will never be any different between us, and I *know* it, so we had better say good-bye to one another, and if at any time you would like a legal separation you may have one, for I would not stop you. If you want to you can send me two dollars a week if not why you needn't and another thing don't write to my mother as she has enough worry and care without knowing about our troubles. You have been misjudging me for a long while, but never again will you get the chance as you need not come to Salem looking for me, and don't phone me, We can start life over again and forget each other. You need not answer this but I warn you not to molest me."

On June 23, 1914, the libellant wrote to the libellee: "Arthur:— In regards the future I am perfectly satisfied as things are now, I have a new position, and am entirely satisfied, if you have any plans for the future in regards yourself why don't you full fill them, Alice."

The judge refused requests of the libellee for rulings as follows:

" 1. Upon all the evidence the libel should be dismissed."

" 5. The letters written by the libellant to the libellee and introduced in evidence prove that the separation was with the libellant's consent."

The judge granted requests of the libellee for rulings as follows:

" 2. The burden is on the libellant of proving that she did not consent to the original separation or to its continuance.

" 3. Separation with the libellant's consent does not constitute desertion by the libellee.

" 4. If the separation was not against the libellant's will but with her consent, the libel should be dismissed."

" 6. The libel should be dismissed unless the libellant sustains the burden of satisfying the court that the libellee voluntarily and without justification left her (the libellant) with the intention of not returning; that his refusal to cohabit with her continued for three consecutive years next prior to the filing of the libel; and that she did not consent to the original separation or to its continuance.

" 7. Separation by mutual consent does not constitute desertion."

A decree *nisi* was ordered; and the libellee alleged exceptions.

The case was submitted on briefs.

*G. C. Scott*, for the libellee.

*T. F. Brennan*, for the libellant.

BRALEY, J.    The only ground of divorce alleged is desertion by the libellee on or about April 20, 1913, when the parties separated; they never have resumed marital relations. It is as the libellee contends familiar law, that where the separation is with the libellant's consent there can be no desertion by the libellee. *Foster v. Foster*, 225 Mass. 183. The judge, however, not being bound to believe the husband's evidence, the only question is whether the letters between the parties when read together are sufficient as matter of law to bar the libel. The correspondence comprises a part only of the evidence, which considered as a whole warranted a finding that the libellee had deserted the libellant as charged, and that she never consented to his abandonment. The finding being conclusive, the court rightly refused to rule, that the libel should be dismissed, and that the letters written by the libellant to the libellee prove that the separation was with the libellant's consent. *American Malting Co. v. Souther Brewing Co.* 194 Mass. 89.

*Exceptions overruled.*