MANUEL J. ESPINOLA *vs.* MARY M. ESPINOLA.

Essex.    November 10, 1930. — December 2, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Marriage and Divorce,* Desertion.    *Probate Court,* Divorce proceedings. Appeal.

The mere fact that a husband filed in a probate court and procured a hearing of a petition against his wife for relief under G. L. c. 209, § 32, as amended by St. 1921, c. 56, on the ground that she had deserted him, did not show that he caused the desertion, or consented to it, or that he was unwilling to resume marital relations with her; and did not constitute as a matter of law a bar to the maintenance of a subsequent libel by the husband for divorce on the ground of desertion.

An appeal from a decree of a probate court, dismissing, without prejudice, on the grounds stated in a plea a libel for divorce which had been heard upon the libel and the plea, without a finding of facts by the judge of probate, presented a question of law to this court.

LIBEL, filed in the Probate Court for the county of Essex on January 14, 1930, for divorce on the ground of desertion alleged to have occurred on January 10, 1927.

The libellee's plea to the libel is described in the opinion. The case was heard upon the libel and the plea by *White*, J., by whose order a decree was entered dismissing the libel without prejudice. The libellant appealed.

*J. E. Murphy,* for the libellant, submitted a brief.

*J. J. Ronan,* for the libellee.

CARROLL, J. The libellant, on January 14, 1930, brought a libel for divorce against his wife on the ground of desertion. In the Probate Court the libellee filed a plea to this libel alleging that the libellant on January 13, 1927, filed in the Probate Court a petition which set out that the libellee had " without just cause deserted him and that he is living apart from his said wife for justifiable cause "; that the court had jurisdiction of the subject matter and of the parties; that on April 8, 1927, after a trial on the merits, the court entered a decree, " on hearing, it is decreed that said petition be dismissed without prejudice."

The plea of the libellee alleged that the libel filed in January, 1930, sets forth but one ground for divorce, that is, desertion by the libellee; that the prior proceedings of the Probate Court were a bar to the present libel. A decree was entered on the divorce libel, dismissing it without prejudice, " on grounds set forth in the plea of said libellee."

The libellee contends that the petition filed and prosecuted in the Probate Court by the libellant, asking the court to restrain the wife from imposing any restraint on his personal liberty and to make such order as it deems expedient concerning the care and custody of the minor child, is a bar to the maintenance of the libel for desertion. The petition of January 13, 1927, stated that the wife " without just cause has deserted . . . [the husband]; and that he is living apart from his said wife for justifiable cause." G. L. c. 209, § 32. St. 1921, c. 56.

A divorce cannot be granted on the ground of deser-

tion if the libellant consented to the separation. He must satisfy the court that the libellee left him voluntarily, without justification and without his assent; that this continued for three consecutive years. If the separation was by mutual consent, it was not a legal desertion. *Ford* v. *Ford,* 143 Mass. 577. *Foster* v. *Foster,* 225 Mass. 183.

If the petition of January 13, 1927, asking that the libellee be prohibited from imposing any restraint on him is to be interpreted as meaning that the libellant acquiesced in the separation, was willing that his wife should cease to live with him and was unwilling to take her back, then the plea was sustained properly. If this is the true meaning of the original petition, then during the time it was pending it could not be found that the wife had deserted her husband.

In our opinion the act of the husband in asking the court to protect him against interference with his personal liberty does not show that he in any manner consented to the separation. It does not show that he caused his wife's desertion, nor that he consented or was satisfied that the desertion should continue, nor that he was unwilling to live with her and take her back. What he sought in his petition was that, while the wife persisted in her conduct and would not of her own choice live with him, she should not interfere with him or disturb him or in any way deprive him of his liberty. This is not inconsistent with a willingness to resume marital relations. Approval of the wife's conduct is not to be inferred from this petition. If it were granted and the wife were willing to return, he could not obtain a divorce for desertion if he refused to take her back.

*Najjar* v. *Najjar,* 227 Mass. 450 and similar cases where the prior conduct of the libellant in filing a libel on the ground of cruelty shows an intention not to live with the libellee are not applicable.

The record shows that the judge decided the question on the grounds set forth in the plea. This raises a question of law, although dismissal of the libel was without

prejudice. There is nothing to show that any findings of fact were made.

The decree is to be reversed and a decree entered overruling the plea.

*Ordered accordingly.*