JOHN ALLEN's (dependent's) CASE.

Hampden.    September 20, 1945. — November 2, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

</div>

*Workmen's Compensation Act,* Dependency. *Husband and Wife. Words,* "Separation."

A conclusion that at the time of an employee's death his wife was living apart from him because he had deserted her within § 32 (a) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, was warranted by findings that he had gone to work in another city and for a time had customarily returned to their home periodically in accordance with an arrangement made between them when he undertook such work, but that about ten years before his death he had ceased returning altogether, although the home had remained available to him.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act to the widow of an

employee who died in 1942 as a result of an injury arising out of and in the course of his employment.

A decree in accordance with the board's decision was entered by order of *Broadhurst, J.* The insurer appealed.

*J. H. Mulcare,* for the insurer.

*N. DeLeo,* Assistant Attorney General, at the request of the Industrial Accident Board, under G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1935, c. 484.

QUA, J. The only question is whether the claimant widow was dependent for support upon the deceased employee.

The board found that the claimant widow and the deceased were married in 1899 and lived in Athol as husband and wife until about 1926, when he went to work in Springfield, and "it was agreed by them that he would return home on week-ends and that she should remain in Athol with the family." Thereafter he returned to their home in Athol from time to time until about the year 1932, when he ceased returning home altogether. Their home in Athol was available at all times to the deceased, and the claimant expected always that he would come home. These findings were warranted by evidence. From them the board concluded that the employee voluntarily ceased cohabitation with the claimant without her consent. The board further found as a fact that about 1932 the deceased deserted the claimant, and that this desertion continued until his death.

The conclusion of the board is supported by the subsidiary findings, and the finding of desertion is warranted by the evidence. The arrangement by agreement that the husband should go to work in a nearby city, returning home week-ends, was not a separation by mutual consent. At that stage there was no separation at all in the sense in which the word separation is commonly used in respect to marital relations. See *Nelson's Case,* 217 Mass. 467, 469. Nothing in the record required a finding that the subsequent complete cessation of the husband's visits to his home was with the wife's consent. This could be found to be a desertion. *Lea* v. *Lea,* 8 Allen, 418. *Ford* v. *Ford,* 143 Mass. 577. *Purdy* v. *Purdy,* 238 Mass. 506. See

*Bradley* v. *Bradley*, 160 Mass. 258; *Foster* v. *Foster*, 225 Mass. 183; *Craddock's Case*, 310 Mass. 116, 124–125.

This case is distinguishable from *Di Clavio's Case*, 293 Mass. 259, 262–263, upon which the insurer relies. No comparison of the details of the two cases need be made. It is enough to say that in that case the finding of the board was against the claimant, while in the case at bar the finding is in favor of the claimant and was not unwarranted by the evidence.

Since at the time of the employee's death his wife was living apart from him because he had deserted her, she is conclusively presumed to have been wholly dependent upon him for support. G. L. (Ter. Ed.) c. 152, § 32 (a).

*Decree affirmed.*