ANTONIO DELGRECO vs. BEATRICE DELGRECO.

Middlesex. April 8, 1948. — May 10, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Marriage and Divorce,* Desertion, Dismissal of libel. *Res Judicata.*

The dismissal of a divorce case as inactive under Rule 43 of the Probate
Courts (1934) is not an adjudication barring a new libel for the same
cause.

The mere fact that a libellant in 1943 filed a libel for divorce charging
desertion beginning in 1936 and in 1945 permitted dismissal of the
case as inactive under Rule 43 of the Probate Courts (1934) did not as
a matter of law require a finding that the libellant in 1943 or there-
after was no longer willing to live with the libellee so that a new libel
filed in 1947 and based on the same continued desertion could not be
maintained.

LIBEL for divorce, filed in the Probate Court for the county
of Middlesex on June 13, 1947.

The case was heard by *Poland,* J.

*A. Newman,* for the libellant.

No argument nor brief for the libellee.

DOLAN, J. This libel for divorce comes before us upon
the reservation and report of the probate judge (G. L.
[Ter. Ed.] c. 215, § 13), which follows: "This libel,[1] un-
contested [2] although an appearance was entered for the
libellee, charges desertion and cruel and abusive treatment,
but desertion only was proved. The libellant proved, as
a fact, desertion by the libellee on July 13, 1936. The
doubt arises from a libel by the libellant filed February
10, 1943, which charged the same desertion as that now
proved. That libel was pending until July 1, 1945, when
it was dismissed under Rule 43 (1934) of the Probate Court.
There are no other facts that are material. If the pendency
of the earlier libel is a bar to the instant libel, that libel

---

[1] Filed June 13, 1947.

[2] The libellee did not appear in the present proceedings on the report.

should be dismissed. If the earlier libel is not such a bar, a decree nisi for desertion should be entered."

Rule 43 of the Probate Courts (1934)[1] provides as follows: "On the Tuesday after the first Monday of July in each year, every libel for divorce, nullity or affirmation of marriage which has remained upon the docket for one year preceding, without action shown upon the docket, shall be marked inactive by the register. The register shall give notice thereof to every party, not later than the Tuesday after the first Monday of September next following. If within one year after a case has been marked inactive, it has not been tried or heard on the merits or disposed of, it shall, unless the court otherwise orders, be dismissed, without further notice or order, on the day next following the expiration of said one year. For cause shown the court may dismiss cases at other times." The libel filed by the libellant on February 10, 1943, was no longer pending after its dismissal under the rule.

The libellant's sole contention in his brief is that the dismissal of the first libel under the rule is not a judgment on the merits and therefore is not a bar to the maintenance of the present libel. It is settled in general that such a dismissal is not an adjudication barring a new suit for the same cause. *Wight* v. *Wight*, 272 Mass. 154, and cases cited. *Merry* v. *Priest*, 276 Mass. 592, 598. The question arises, however, in the present case whether by the filing of the first libel it is to be conclusively presumed that at that time the libellant was no longer willing to live with the libellee with the result that the desertion relied upon in the second libel must be held not to have "continued for three consecutive years next prior" to its filing. G. L. (Ter. Ed.) c. 208, § 1. We are of opinion that it cannot be conclusively presumed as matter of law from the filing of the first libel for the cause of desertion that the libellant was no longer willing to live with the libellee. We do not base this view on the fact alone that when the first libel was filed the desertion had continued for three consecutive years next prior

---

[1] See Rule 85 of the Superior Court (1932).

to the filing of that libel, since we are of opinion that the filing and dismissal of a libel for desertion without adjudication on the merits cannot without more be held properly to create a conclusive presumption as matter of law that the libellant was then or thereafter no longer willing to live with the libellee. See *Espinola* v. *Espinola,* 273 Mass. 450, 451–452. Such a state of mind could be established only by evidence justifying the finding of its existence as fact, and not merely by conjecture from the fact that the libellant had failed to prosecute his first libel on the merits, any more than if of his own motion he had merely discontinued the first suit. In the absence of evidence to show the contrary, it cannot be said rightly that after the filing of the first libel the libellant was not still willing to preserve the marital relation and did not in effect abandon the first libel in the hope that the relation might be resumed. In the present case there is no finding of fact in the report of the judge that at the time of the filing of the first libel the libellant was unwilling to live with his wife, and the judge has found that the libellant has proved as a fact desertion by the libellee on July 13, 1936.

The case of *Najjar* v. *Najjar,* 227 Mass. 450, is distinguishable in its facts from the present case. In the *Najjar* case the libellant on November 13, 1913, filed a libel for divorce which alleged as ground for divorce cruel and abusive treatment and gross and wanton refusal and neglect on the part of the libellee to provide suitable maintenance for the libellant. An order of notice was issued but no service thereof was ever made on the libellee, and no action was ever taken on the libel. On July 22, 1916, the libellant filed a libel on the ground of desertion as of January 15, 1911. It thus appears that when the libel based on cruel and abusive treatment was filed no cause for desertion had accrued (see also *Craskin* v. *Craskin,* 288 Mass. 56; *Rubinstein* v. *Rubinstein,* 319 Mass. 568, 575–576), and it was held that the overt act of filing the first libel on the grounds alleged therein raised a conclusive presumption of fact that the continuance of the desertion after the filing of that libel was with and not without the consent of the party deserted

and that such an act "show[s] necessarily a legal intention not to live with the libellee" (page 451), and that the libel should be dismissed. We are of opinion that the *Najjar* case cannot rightly be interpreted to mean that the same result would flow from the mere filing of a libel for divorce for desertion in the circumstances of the instant case.

Upon the facts found by the judge the proper conclusion is that the desertion relied upon in the present libel did not cease as a result of the filing of the prior libel but continued for three consecutive years next prior to the filing of the present libel. It follows that in accordance with the report of the judge a decree nisi should be entered upon the libel for the cause of desertion. It is

*So ordered.*