KATHERINE A. BREWER *vs.* THOMAS A. BREWER.

Essex. March 4, 1952. — November 28, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING,. & WILLIAMS, JJ.

*Husband and Wife,* Nonsupport.

Findings in a proceeding under G. L. (Ter. Ed.) c. 209, § 32, as amended, supported a conclusion that a husband had unjustifiably failed to furnish suitable support for his wife and children although he had paid some money to his wife, had supplied some food for the family, and had paid the taxes and other expenses in connection with the family dwelling.

PETITION, filed in the Probate Court for the county of Essex on September 6, 1951.

Following the decision reported *ante,* 205, a further report of material facts was made by *Costello,* J.

*Henry F. Marks*, for the respondent.

*William E. Sisk, Richard L. Sisk,* & *Medley T. Holds-worth*, for the petitioner, submitted a brief.

WILLIAMS, J.  By an earlier decision (*Brewer* v. *Brewer, ante*, 205) we retained the case and directed the judge to make a further report of material facts, which he has now done.  They are as follows.  "For a period of about a year preceding the hearing on the petition the respondent agreed to pay his wife $10 weekly for her personal use.  The husband made the payments, not weekly but in periods varying from two to five weeks, and during that period the petitioner was forced to pay for clothing for the children and household expenses which the respondent refused to pay.  During the six week period immediately preceding the date of the hearing, which was October 9, 1951, the respondent refused to pay any money to the petitioner although requested to on many occasions.  From April, 1951, to the date of the hearing on October 9, 1951, the respondent refused to purchase or pay for any clothing or shoes for either the wife or the children although requested to do so on many occasions. . . . [D]uring this period the wife and children were in need of shoes and clothing.  The respondent stopped the wife's credit in several stores where she had been in the habit of purchasing food and clothing both for herself and the children. . . . [O]n several occasions the husband has refused to pay for repairs on the children's shoes and the bills for cleansing the children's clothing, although requested to do so, and on many occasions the wife has borrowed money from relatives to pay for the children's clothes and expenses. . . . [W]hile the respondent has supplied the essential foods for his family during this period there were many occasions when he refused his wife's request for reasonable items of food, and on many occasions refused his wife's request for special necessary items of food for one of his children who was on a special diet. . . . [T]he respondent, during the year 1951, paid the taxes on the real estate which the family occupied, amounting to $244.24, and . . . he pays $45 monthly on principal and

interest payments on the mortgage on said real estate. . . . [T]he respondent has paid the insurance on the real estate, the water bills and the incidental repairs on this real estate."

We think that these facts and those formerly reported by the judge regarding the treatment of the petitioner by the respondent to which reference is made in our previous decision show an intentional failure by him to provide what is reasonably necessary for the support of his wife and children. See *Coe* v. *Coe*, 313 Mass. 232. In view of the measure of support which the respondent has furnished, the amount of $30 per week which, by the decree, he is ordered to pay to his wife for the support of the children, seems large but not, we think, so excessive as to justify the reversal of the order. The decree should be modified so that it be made to appear that the basis of the order is the failure of the respondent without justifiable cause to furnish suitable support for his wife and children and not that the petitioner for justifiable cause is actually living apart from her husband. As so modified it is affirmed.

So ordered.