Merrimack,
No. 4803.

CYNTHIA V. QUAMO *v.* ROBERT H. QUAMO.

Argued January 5, 1960.

Decided January 27, 1960.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. Soden* orally), for the plaintiff.

*Varney & Levy* for the defendant, furnished no brief.

BLANDIN, J. The question presented is whether the period, during which a prior divorce proceeding on the grounds of cruelty brought by the plaintiff in Massachusetts was pending, must be

excluded as a matter of law from the statutory period in a subsequent proceeding for abandonment and refusal to cohabit under RSA 458:7 IX, when it is found as a fact that the desertion preceded the prior suit and was in no way caused or affected by it.

In *Easter* v. *Easter*, 75 N. H. 270, our court established the rule that the time during which a prior libel for divorce is pending is not to be excluded as a matter of law in computing the period of abandonment. The opinion stated that the pendency of the prior action "might under some circumstances compel the inference that the separation during such pendency was consented to, or was with sufficient cause." *Id.*, 271. However, the court went on to say that this was only one evidentiary fact, not in itself controlling, and that the decisive question to be resolved by the Trial Court was whether the abandonment began and continued without fault of the plaintiff and against her will and consent. *Id.*, 271, 272.

While aware of authorities which give conclusive effect to the bringing of a prior libel (anno. 41 A. L. R. 271) we believe the *Easter* rule governs this case and is supported in other jurisdictions. *Cook* v. *Cook*, 97 N. J. Eq. 264. See also, *Delgreco* v. *Delgreco*, 322 Mass. 706; *Espinola* v. *Espinola*, 273 Mass. 450; *Kelsall* v. *Kelsall*, 139 Conn. 163.

In the case before us, the Trial Court found that the defendant's desertion of the plaintiff preceded her suit in Massachusetts, was in no way caused or affected by it, and continued for the required period without cause and without her consent. These and all other findings are unchallenged by the defendant and are amply supported by the record. It follows that the plaintiff is entitled to a divorce, and the order is

*Remanded.*

All concurred.