ALBERT G. MIRANDA *vs.* JULIA A. MIRANDA.

Bristol.     January 7, 1966. — April 1, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Divorce*, Desertion. *Probate Court*, Report of material facts.

A husband could not maintain a libel for divorce on the ground of desertion where it appeared that after his wife left him he consented to her living apart and resisted attempts at reconciliation made by her in good faith. [480–481]

On the record, without a report of the evidence, no error appeared in denial of a motion to make certain deletions and additions in a report of material facts filed by the judge in a divorce case. [481–482]

LIBEL for divorce filed in the Probate Court for the county of Bristol on May 26, 1964.

The case was heard by *Mullaney,* J.

*David Entin* for the libellant.

*Barnet Smola* for the libellee.

KIRK, J. The libellant-husband appeals from the dismissal of his libel for divorce on grounds of desertion and from the judge's denial of his motion to amend certain parts of the report of material facts. See *Sullivan* v. *Sullivan,* 320 Mass. 114, 115–116. The evidence is not reported. The findings of fact were made at the request of the libellant and appear to have been intended by the judge as a complete statement of the facts that influenced the decision. In these circumstances, the "findings of fact, whether particular or general, must therefore be taken as true in every respect unless the general findings are inconsistent as matter of law with particular findings, and the questions before us on appeal are whether there is such inconsistency, and if not, whether all the findings should in law lead to a decree different from that which has been entered." *Quigley* v. *Quigley,* 310 Mass. 415, 416, and cases cited.

We summarize the report of material facts. The parties, who were married in 1932, are the parents of three children. On May 23, 1961, mainly at the behest of two married daughters, the wife, with her minor son, left her husband. On September 20, 1961, the husband filed a libel for divorce alleging cruel and abusive treatment. The wife, on September 30, 1961, filed a petition for separate support. The judge undertook to effect a reconciliation, without success, due to the inflexible attitude of the husband. This prior litigation ended on June 22, 1962, by the dismissal of the husband's libel because his allegations were not substantiated, and by a decree awarding custody of the minor son to the wife and ordering support for the minor son but not for the wife who, the judge found, was living apart from her husband but not for justifiable cause.

The husband's present libel for divorce on grounds of desertion since May 23, 1961, was filed by the husband on

May 26, 1964, less than two years after the decrees in the earlier litigation and three years and three days after May 23, 1961, when the parties last lived together.

We pause here to note that we are no longer concerned with the applicability of the rule that there is a "conclusive presumption of fact that the continuance of the desertion after the filing of the [husband's prior] libel is with . . . the consent of the [husband]." *Najjar* v. *Najjar,* 227 Mass. 450, 451. *Craskin* v. *Craskin,* 288 Mass. 56. See *Espinola* v. *Espinola,* 273 Mass. 450; *Delgreco* v. *Delgreco,* 322 Mass. 706; *Meyer* v. *Meyer,* 335 Mass. 293, 296–297. By St. 1962, c. 433, adding to G. L. c. 208, § 22, it is now provided: "The prior filing of a libel for divorce or a petition for separate support shall not be deemed to raise a conclusive presumption to defeat a libel for divorce for desertion." The circumstances preceding and attending the enactment of St. 1962, c. 433, indicate that the Legislature intended that although the prior filing of a libel operates to raise the presumption that the libellee continues to live apart from the libellant with the latter's consent, the presumption is rebuttable. See 37th Report of the Judicial Council (1961), Pub. Doc. No. 144, pp. 42–44.

Thus, in the case at bar, in the absence of evidence tending to show that the wife was living apart against the will of the husband, the judge could infer from the fact of the husband's prior libel that he consented to his wife living apart from him, with the result that the husband could not, in that posture of the case, establish the requisite period of desertion under G.L. c. 208, § 1. Inasmuch as the evidence is not before us, we are not aware of what evidence, if any, was offered to rebut the presumption.

The findings of the judge, however, irrespective of any presumption, make it quite plain that after May 23, 1961, the husband not only consented to his wife living apart from him, but that he was wholly unresponsive to the several attempts at reconciliation made by his wife through their children, the husband's sister, his mother, a clergyman, and indeed, through the judge. When a daughter

planned a Christmas dinner to bring her parents together, the husband, upon learning that his wife would be present, refused to attend. On the one occasion when the husband and wife did confer about reconciliation, it was in the presence of their children and the husband's sister. The husband imposed four conditions, one of which, the judge found, related to money, and was, in the judge's view, an unreasonable condition. Although the wife admitted on cross-examination that she never ''asked her husband outright to return to her,'' the judge attributed that fact to the further fact that all of her attempts to see him had proved futile because of his unwillingness to see her, including a call at the door of his mother's house where he was staying and when he was in the house. The wife was not admitted.

It appears obvious from the findings of the judge that the wife's efforts at reconciliation were made in good faith and afforded the basis for a justifiable inference that her continued absence from her husband after May 23, 1961, was not wilful and thus did not constitute ''utter desertion.'' G. L. c. 208, § 1. Compare *Purdy* v. *Purdy,* 238 Mass. 506, 508. We find no inconsistency in law between the particular and the general findings made by the judge. Nor do we think that on the facts found a different decree is required as matter of law.

We now turn to the husband's appeal from the judge's denial of his motion to amend the report of material facts by: A. deleting statements of particular facts relating, respectively, to: (1) words and acts of the parties in the judge's lobby during the trial of the earlier litigation; (2) a doctor's certificate concerning the state of health of the wife; (3) one of the bases for the dismissal of the first libel filed by the husband; and by B. adding a sentence to indicate the origin of a ''no trespass'' sign sent to the wife, ostensibly to inform her that the husband wanted his wife to stay away. One of the difficulties faced in passing on the correctness of the judge's ruling arises from the fact that we do not have a report of the evidence by which to test the validity of the husband's contentions. See *Mou-*

*tinho* v. *Moutinho,* 342 Mass. 171. We must consider the disposition of the motion in light of the record. Point A (1) of the motion apparently objects to the inclusion in the report of an implied accusation by the husband during a conference with the judge at the first trial relative to his wife's physical condition, and of her tearful reaction to the accusation. This statement in the report was merely cumulative to other instances of conduct which were indicative of the husband's irreconcilable attitude toward his wife and does not in any way appear to have been in itself the basis for dismissal of the libel. Point A (2) relates to a medical certificate pertinent to the same issue of health which was injected into the second trial by the husband, who, if he considered the certificate inadmissible, should have objected to it at the trial. Failure to object to the certificate permitted the judge to consider it in arriving at a decision. Point A (3) does not affect the particular or general findings in the case under consideration. Point B requests the addition to the findings of a sentence for which the record shows no evidential support. *Moutinho* v. *Moutinho,* 342 Mass. 171, 172. There was no reversible error in denying the motion.

The decree dismissing the libel is affirmed. The denial of the motion to amend the report of material facts is affirmed. See *Vergnani* v. *Vergnani,* 321 Mass. 699, 701–702. Costs and expenses of this appeal are to be awarded to the libellee or her counsel in the discretion of the Probate Court. G. L. c. 208, § 38, as appearing in St. 1933, c. 288.

*So ordered.*