HELEN W. HANSON *vs.* ROY W. HANSON. April 7, 1972. Mrs. Hanson has filed three petitions in the Probate Court seeking separate support. A 1966 petition was denied by a probate judge on November 25, 1968, after hearing. A second petition specifying cruel and abusive treatment and failure to support was never marked for trial. The present petition, filed in 1970, specifies desertion. The petition was denied and dismissed after full hearing by a second judge of the Probate Court, who has filed a report of material facts. The judge found that the Hansons, married in 1966, lived together until October, 1967, when they separated. There were no children of the marriage. Following the separation, the husband paid his wife $20 each week until April, 1968. Since then he has maintained Blue Cross and Blue Shield coverage for her but has not contributed to her support. She lived for a time after April, 1968, on the proceeds of the sale of the marital home and on her own earnings. A "bronchial condition" has forced her to stop work and she receives $115.85 every two weeks as "disability assistance from the Commonwealth." After "the decree on the first petition in November of 1968, she made no overtures to the . . . [husband] indicating that she was willing to have him . . . live with her." The husband, on net earnings of about $110 a week, since 1965 has supported a school age son by an earlier marriage. The report of material facts is consistent with the decree dismissing the petition. No finding supports a conclusion that the wife is living apart from the husband for justifiable cause, that the husband deserted her, or that he has failed to support her without justifiable cause. See G. L. c. 209, § 32 (as amended through St. 1968, c. 370). The findings, concerning the 1967 separation (apparently by consent) and the wife's failure to indicate to the husband after the 1968 decree that she was willing to have him resume married life negate any marital wrong by the husband. See *Farrell* v. *Farrell*, 262 Mass. 209, 210; *Espinola* v. *Espinola*, 273 Mass. 450, 452. Mrs. Hanson has not established (cf. *Brewer* v. *Brewer*, 329 Mass. 482, 484) that she is entitled to any separate support. See *Vergnani* v. *Vergnani*, 321 Mass. 699, 702; *Reed* v. *Reed*, 340 Mass. 321, 322.

*Decree affirmed.*

*James J. Cotter, III* (*Paula W. Gold* with him) for the petitioner.