Garsh, J.
The plaintiff, Irma Anderson, brings this action pursuant to G.L.c. 30A, §14 seeking judicial review of the decision by the Contributory Retirement Appeal Board (“CRAB”) to deny plaintiffs application for survivor benefits pursuant to G.L.c. 32, §12(2)(d) (“Section 12”). The plaintiff challenges the decision of CRAB to deny her benefits on the grounds that it is not supported by substantial evidence, is arbitrary and capricious, and is wrong as a matter of law. For the reasons stated below, the Board’s decision is vacated.
BACKGROUND
The plaintiff married Craig Anderson in 1958 and the couple moved to Andover, Massachusetts, where Craig Anderson, in 1963, became a firefighter for the Town of Andover. The couple had two children, both of whom are now adults. In 1985, Craig Anderson moved out of the marital home, and, in 1988, Irma Anderson filed for divorce on the grounds of irretrievable breakdown.
On May 6, 1988, Craig Anderson filed a Notice of Change of Beneficiary for his pension plan, changing the beneficiaries of accumulated deductions from his wife to his two adult children. On October 20, 1988, before a trial for divorce, Craig Anderson died in a non-work related car accident.
On October 31, 1988, the plaintiffs former attorney wrote to the Fire Chief requesting retirement and insurance information. On November 25, 1988, the Andover Retirement Board (the “Board”) disbursed Craig Anderson’s accumulated deductions to his two children. On February 17, 1989, after further inquiry concerning benefits for his client, the plaintiffs attorney sent the Board an “Election by Spouse at Death of Member” form, signed by the plaintiff, and choosing both “Option 1 — return of accumulated deductions” and “Option 2 — member survivor allowance.”
On February 22, 1989, the Board instructed the plaintiff to choose only one of the two options on the form. The Board did not inform her, however, that Option 2 was the only option still available to her. Option 1 was no longer available because the accumulated deductions had already been disbursed to the two children as named beneficiaries.
On March 1,1989, the plaintiff returned a new form in which she elected Option 1. By letter dated March 31, 1989, the Board denied the benefits, stating, “Prior to Mr. Anderson’s death, Mr. Anderson had nominated eligible beneficiaries provided for in [Chapter 32,] Section ll(2)(c).” (R. 10.)
A hearing was held on November 12, 1991, before an Administrative Magistrate. That hearing was continued to allow the Board to produce witnesses to testify as to the underlying reasons for the pending divorce. After the hearing, however, the Magistrate determined that additional evidence was unnecessary and cancelled the continued hearing. (R.4.) The Magistrate found the “fact that the Appellant had filed for divorce is sufficient to conclude that the parties were not living apart for justifiable cause within the meaning of the statute.” (R.6.) By decision dated September 11, 1992, CRAB adopted the findings of the Magistrate, and affirmed the Board’s decision. CRAB’s decision states that Anderson “had filed for divorce prior to the death of the member, and is thus unable to establish that they were living apart for justifiable cause.” (Rl.)
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Bd. of Appeals on Motor Vehicle Liab. Policies & Boards, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Dept. of Pub. Util., 348 Mass. 331, 342 (1965). Under Chapter 30A, a court may affirm, remand, set aside, or modify an agency’s decision if it determines that the substantive rights of any party have been prejudiced because the agency decision is, for instance, based on an error of law, unsupported by substantial evidence, or arbitrary and capricious. G.L.c. 30A§14(7)(a)-(g) (listing grounds for invalidating an agency decision). In reviewing an agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Seagrams Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy Hospital v. Labor Rel. Comm’n, 400 Mass. 745, 748-49 (1987), Dohoney v. Dir. of Div. of Emp. Sec., 377 Mass. 333, 337 n.3 (1979); Bd. of Selectmen v. Labor Rel Comm'n, 7 Mass.App.Ct. 360, 361 (1979).
*128 The plaintiff contends that CRAB’s decision to deny her benefits based solely on the fact that she had filed for divorce is not supported by substantial evidence, is arbitrary and capricious, and is wrong as a matter of law. G.L.C.30A, §14. The Andover Retirement Board contends that the plaintiff should be denied her benefits on two main grounds. First, the Board argues that by electing the wrong option in her election of Option 1, the plaintiff has forever waived her right to the benefits. Second, the Board contends that because the plaintiff had filed for divorce, she was not living apart from the defendant for “justifiable cause” under Section 12.[1]
Because CRAB’s decision did not turn on the plaintiffs incorrect election of Option 1, the accumulated deductions, the court need not address the first argument. The Administrative Magistrate’s decision states: “If the Appellant had been living with Craig Anderson at the time of his death, she would be entitled to the award, despite Craig Anderson’s change of beneficiaries, and despite the fact that she chose the wrong option.” (R.7.) CRAB incorporated that decision into its decision. (R.l.) The court agrees that the plaintiffs incorrect option selection does not bar her claim.
With regard to the Board’s alternative argument, the court holds that CRAB made an error of law in finding that the plaintiffs mere filing for divorce is a sufficient basis to conclude that the parties were not living apart for “justifiable cause.” While Section 12 does not delineate what constitutes “justifiable cause,” “desertion” and “moral turpitude” on the part of the spouse are explicitly excluded.
Filing for divorce on the grounds of irretrievable breakdown, G.L.c. 208, §1A, does not amount to “moral turpitude.” That phrase generally refers to “conduct contrary to justice, honesty, and good morals.” Kelly v. City of Tulsa, 569 P.2d 455, 457 (OK. 1977) (conviction of public drunkenness not the type of offense “which signifies an inherent quality of baseness, vileness and depravity denoting moral turpitude”). Nor is the mere filing for divorce evidence of desertion. See Espinola v. Espinola, 273 Mass. 450, 451 (1930).
In interpreting the phrase “justifiable cause,” it is reasonable to look to domestic relations law, G.L.c. 209, §32.[2] Donnelly v. Contributory Retirement Appeal Board, 15 Mass.App.Ct. 19, 22 (1982). In that context, “justifiable cause” includes, but is not limited to, acts such as unfaithfulness, cruel and abusive treatment, and withdrawal of a spouse’s life savings. Hanson v. Hanson, 361 Mass. 884 (1972); Cochrane v. Cochrane, 303 Mass. 467 (1939); LaVallee v. LaVallee, 3 Mass.App.Ct. 736 (1975).
Plaintiff filed for divorce on the grounds of irretrievable breakdown, where fault is not at issue. Thus, whether there was justifiable cause cannot be determined without an evidentiary hearing. The factual record here is incomplete because CRAB cancelled the scheduled continued hearing.
This court need not define the outer perimeters of “justifiable cause” to conclude that the Board’s determination was an erroneous interpretation of the statute and, thus, an error of law. Woods v. Executive Office of Communities & Development, 411 Mass. 599, 606 (1992). While the court recognizes that reasonable interpretations of statutes by agencies are entitled to deference, Board of Education v. School Committee of Quincy, 415 Mass. 240, 243 (1993), “an erroneous interpretation of a statute by an administrative agency is not entitled to deference.” Woods, supra at 606. The principle is one of deference, not abdication. Courts may overrule agency decisions that are arbitrary, unreasonable, or inconsistent with the plain terms of the regulation itself. Warcewicz v. Department of Environmental Protection, 410 Mass. 548, 550 (1991).
In sum, the act of filing for divorce does not, as a matter of law, bar the plaintiffs application for benefits.
ORDER
For the foregoing reasons, it is ORDERED that the decision of the Contributory Retirement Appeal Board be VACATED and REMANDED to the agency for further proceedings consistent with this decision.

 General Laws c. 32, §12 (2)(d) states in pertinent part:
[I]f a member in service... who has not less than two years of credible service dies and leaves a spouse to whom such member had been married for not less than one year . . . an election may be made by such spouse to receive the member-survivor allowance under this option; provided, that said spouse and the deceased member were living together at the time of death of such member, or that the board finds that they had been living apart for justifiable cause other than desertion or moral turpitude on the part of the spouse.

 While CRAB cites its own case, Michael McMackin v. State Board of Retirement, CR-91-233, October 15, 1991, in support of its decision, there has been no judicial construction of the term “justifiable cause” within the meaning of Section 12, nor is there any legislative histoiy which sheds light upon the legislative intent. See Donnelly v. Contributory Retirement Appeal Board, 15 Mass.App.Ct. 19, 24 (1982) (because court found parties “living together," there was no need to reach the meaning of the term “justifiable cause”).