The respondent appeals from decrees of the Probate and Family Court, appointing a guardian and conservator, respectively.[2] We affirm.
As a threshold matter, we observe that the respondent's challenges to the admissibility or validity of the medical certificates presented in support of the petitions are waived, as the respondent did not assert them in the trial court. See Miranda v. Miranda, 350 Mass. 478, 482 (1966) ; Adoption of Kimberly, 414 Mass. 526, 534-535 (1993). The respondent cites no relevant authority to support his contention that his waived challenges to the admissibility of evidence are a matter of subject matter jurisdiction. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
There is likewise no merit to the respondent's claim of error in the denial of his motions for relief, pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), based on a claim of ineffective assistance of counsel, or alternatively in the failure of the judge to hold an evidentiary hearing. Nothing in the respondent's presentation to this court suggests a basis on which he might satisfy the second prong of the familiar Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), standard: that we should have serious doubt whether the result would have been the same had the defense been presented. See Commonwealth v. Millien, 474 Mass. 417, 432 (2016). Even if we treated the memorandum in support of the motions for relief as, in part, an affidavit,[3] and even if we disregarded the hearsay nature of the statements of the respondent included therein, the affidavit fails to assert that the respondent, had he been specifically informed of the purpose of the examination by the psychologist, would have declined to speak to him. Nor is there any assertion that the question about the psychologist's licensure status, had it been raised by the respondent's original counsel, could not have been promptly cured by the petitioner. It follows that, as for the contention that the judge erred by declining to hold an evidentiary hearing on the motions, the respondent failed to raise a "substantial issue" warranting a hearing. See Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004).
The decrees, and the orders denying the respondent's motions for relief pursuant to Mass.R.Civ.P. 60(b), are affirmed.
So ordered.
Affirmed.

The respondent also appeals from orders denying his motions, pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), for relief from the decrees.

We note that the averments in the memorandum in support of the motions for relief were "stated on information and belief," and ordinarily would not be entitled to evidentiary weight. See White v. University of Mass. at Boston, 410 Mass. 553, 558 (1991) ; Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 639 (2001).